## MAHONEY v. JENKINS et al.

(Circuit Court of Appeals, Third Circuit. May 17, 1905.)

### No. 21.

PATENTS—INFRINGEMENT—MULTIPLYING CAMERA.

 The Jenkins patent, No. 620,036, for a multiplying camera, consisting
of a cellular box, the rear end of the cells being closed by a plate holder,
and having a sliding front on which the lens is mounted and moved
both horizontally and vertically, registering successively in front of each
cell, is not infringed by a camera in which the box is not cellular, but
which has a single tube fastened to the slide back of the lens and moving
with it to successive positions; such device, while accomplishing the
same result, having no mechanical equivalent for the cellular box, which
is the fundamental element in the patented combination.

 [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 380.]

Appeal from the Circuit Court of the United States for the West-
ern District of Pennsylvania.

For opinion below, see 135 Fed. 550.

Lowrie C. Barton, for appellant.
C. M. Clarke, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge.· The Circuit Court held that the de-
fendant below (appellant here) had infringed the first claim of pat-
ent No. 620,036, dated February 21, 1899, which was granted to the
plaintiffs below (appellees here) for a multiplying camera. That
claim is as follows:

 "(1) In a photographic camera the combination of a cellular box, a plate
holder seating against and closing the rear end of the cells, a sliding front
closing the front end of the cells, and having stops by which it may be fixed in

relation to a particular set of cells, a lens-carrying slide moving in guides on the sliding front, and means for adjusting the slide to register the lens with each cell of the set with which the front is in relation, whereby a separate exposure may be made in each cell of the box without moving the plate, and with but once drawing the plate-holder slide, substantially as described."

"A cellular box"—a box containing several cells, in each of which a separate exposure may be made—is the fundamental element of the combination which this claim describes, and such a box the appellant does not use. Therefore, though he accomplishes the object of the patentees, he does not do so in substantially the same way. He has devised an organism by which the desired result can be attained without the employment of this essential constituent of the patented construction; and to deny him the right to make, use, or vend that organism would be to accord to the appellees a monopoly, not only of the means which they described and claimed, but also of the end which they effected, even when achieved by means materially different. Such a monopoly, of course, is not obtainable under the patent law.

The appellant employs a lens which is carried on a slide moving in guides, and which is adapted to move horizontally and vertically; but as his box contains no cells, he certainly does not have a plate holder closing the rear end of cells, nor a slide front closing the front end of cells, nor means for adjusting the slide to register the lens with any particular cell. These patentees purposed to exclude light from any portion of a plate employed in a multiphotographic camera other than the portion thereof intended to be immediately affected. To this end their cells no doubt are efficacious. But the appellant has absolutely discarded them, and has substituted a totally different contrivance. He has attached to his slide a tube or funnel-like device, which, though it performs the same light-confining service as the cells of the patent, is essentially unlike them, and is not, in the sense of the patent law, their mechanical equivalent.

We are of opinion that the court below erred in its finding of infringement, and therefore its decree is reversed.